IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JORGE L. NIEBLA,
    Plaintiff,

vs.                                        Case No. 3:05cv433/LAC/EMT

GERALD ABDUL-WASI,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on November 13, 2005 (Doc. 1).

    The court takes judicial notice of two cases previously filed by Plaintiff in the United States District Court for the Middle District of Florida, Case Nos. 8:00cv1792/JDW and 8:01cv706/RAL,[1] which have been previously dismissed by the district court for failing to state a claim upon which relief may be granted.  Additionally, a case previously filed by Plaintiff in the United States District Court for the Southern District of Florida, Case No. 1:99cv85, was previously dismissed by the district court for failing to state a claim upon which relief may be granted.  Plaintiff was incarcerated at the time of filing each of those cases.

    Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The inmate number of the plaintiff in those cases (#992296) is the same as Plaintiff's.

28 U.S.C. § 1915(g). Plaintiff's status as a "three striker" has been recognized in the Southern District. Niebla v. Greer, et al., Case No. 0:02cv60676 (S.D. Fla. May 31, 2002); Niebla v. Howard, Case No. 9:02cv81055 (S.D. Fla. Dec. 16, 2002); Niebla v. Pre-trial Detention Center, 1:01cv4326 (S.D. Fla. Dec. 12, 2001).

In the instant complaint, Plaintiff claims that several correctional officers at Okeechobee Correctional Institution (OCI), as well as the warden, initiated false disciplinary action against him in retaliation for Plaintiff's complaining about the corruption and illegal activities of the warden and the administration at OCI (Doc. 1). Plaintiff claims he is suffering mental and emotional pain and suffering as a result of the alleged violation of his constitutional rights (*id*. at 2). As relief, Plaintiff seeks release from disciplinary confinement and expungement of the disciplinary actions from his prison record (*id*. at 3).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g) as he alleges no facts suggesting he is under imminent danger of serious physical injury. Because Plaintiff did not pay the $250.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

At Pensacola, Florida, this 30th day of November 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:05cv433/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).